IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 08-374-13 |
| | ) |
| ALONZO LAMAR JOHNSON, | ) |
| | ) |
| Defendant | ) |

## **ORDER**

AND NOW, this 27th day of February, 2015, upon consideration of a motion captioned "newly discovered evidence" filed by petitioner Alonzo Lamar Johnson ("Johnson") pro se, which this court deems to be filed under 28 U.S.C. § 2255 (ECF No. 1036, hereinafter, the "Motion to Vacate"), IT IS HEREBY ORDERED that the Motion to Vacate is DISMISSED, without prejudice, for the following reasons.

On April 17, 2012, Johnson was found guilty by a jury of conspiracy with intent to distribute and/or to distribute cocaine and/or cocaine base in the form commonly known as crack cocaine, in violation of 21 U.S.C. § 846, and distribution and possession with the intent to distribute a quantity of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C). (ECF No. 809.)

On July 31, 2013, the court sentenced Johnson to 300 months of imprisonment, to be followed by 10 years of supervised release. (ECF No. 957.)

On August 1, 2013, Johnson filed a notice of appeal, which appeal is still pending before the Court of Appeals for the Third Circuit, with Johnson's initial brief due on March 3, 2015. (ECF No. 962); United States v. Johnson, No. 13-3401, 2/9/15 Docket Entry (3d Cir.).

On February 5, 2015, Johnson filed the Motion to Vacate pro se in which he asks the Court to vacate, set aside, or correct his sentence due to newly discovered evidence proving his actual innocence.

This court dismisses Johnson's Motion to Vacate because it is premature. United States v. Banks, 269 Fed.App'x 152, 153 (3d Cir. 2008); Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999). Johnson's direct appeal, in which he is represented by court-appointed counsel, is currently pending before the Court of Appeals for the Third Circuit, and the evidentiary matters raised in Johnson's pro se motion should be first-addressed before that court, if appropriate. United States v. Johnson, No. 13-3401 (3d Cir.).

In addition to dismissing Johnson's motion on this basis, the court provides the following notice to Johnson concerning any § 2255 motions that he may file pro se following the conclusion of his direct appeal. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") has implemented a procedural framework that limits the number and frequency of second or successive § 2255 petitions which may be brought before the federal courts. The once generous practice of liberally construing pro se filings as § 2255 motions was rendered potentially disadvantageous by the enactment of AEDPA:

> Had AEDPA not been enacted, the District Court's handling of Miller's motions in this case would pose no problem. AEDPA, however, dramatically altered the form and timing of habeas petitions filed in the federal courts. Section 2255, as amended by AEDPA, bars second or successive habeas petitions absent exceptional circumstances and certification by the appropriate court of appeals. Amended sections 2255 and 2244(d)(1), moreover, impose a one-year statute of limitation on applications for writ of habeas corpus. Habeas petitioners must therefore be careful to avoid the twin procedural bars that AEDPA has created. **To avoid making successive claims, petitioners must marshal in one § 2255 writ all the arguments they have to collaterally attack their convictions. And in order to avoid being time barred, they must take care to file this one all-inclusive petition within one year of the date on which the judgment of conviction becomes final.**
>
> With AEDPA in place, the practice of liberally construing post-conviction motions as § 2244 petitions can, in the absence of cautionary or educational measures, impair the ability of inmates to challenge their convictions on collateral review. If each pro se post-conviction filing is treated as a § 2255 writ, as was once the case, inept petitioners face losing

> potentially valid constitutional claims at the hands of judges who are applying a rule of liberal construction that was created to benefit pro se claimants.

United States v. Chew, 284 F.3d 468, 470-71 (3d Cir. 2002) (citing United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999)(emphasis added)).

Accordingly, under Miller, defendant is notified that if he intends to file a § 2255 motion, he should file one all-inclusive § 2255 petition within the one-year statutory period. Miller, 197 F.3d at 652.

Even though this court will not adjudicate the merits of Johnson's Motion to Vacate because his direct appeal is still pending, because Johnson might not be aware of the potential legal consequences of filing a Motion to Vacate pro se following the conclusion of his direct appeal, the court provides this notice to him now out of an abundance of caution.

                BY THE COURT:

                /s/ *Joy Flowers Conti*
                Joy Flowers Conti
                Chief United States District Judge

cc:    Alonzo Lamar Johnson
       USMS 21857-039
       U.S. Penitentiary Allenwood
       P.O. Box 3000
       White Deer, PA   17887